IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Jayme Sweat Pilon, | ) | |
|                 Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 0:16-cv-01806-JMC |
| | ) | |
| Nancy A. Berryhill, | ) | **ORDER** |
| Acting Commissioner of Social Security | ) | |
| Administration,[1] | ) | |
| | ) | |
|                 Defendant. | ) | |

This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 19), recommending that the decision of the Commissioner be affirmed.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the Report (ECF No. 19) is accurate, and the court adopts this summary as its own. Subsequently, the court will only recite herein, facts pertinent to the court's review of the Report (ECF No. 19). On December 7, 2017, Magistrate Judge Paige J. Gossett filed the Report (ECF No. 19) and on December 21, 2017, Plaintiff timely filed an Objection (ECF No. 20). On January 4, 2018, the Commissioner replied. (ECF No. 21.)

## II.     JURISDICTION

The court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g) which gives the court jurisdiction over a review of a final decision of the Commissioner of Social Security.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn Colvin as the named defendant because she became the Acting Commissioner of Social Security on January 23, 2017.

1

### III. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. Fed. R. Civ. P. 72(b)(2)-(3). "In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error." *James v. Cohen*, No. CV 1:17-01256-TMC, 2017 WL 4371548, at *1 (D.S.C. Oct. 3, 2017) (citing *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005)). Additionally, "[i]n the absence of objection, for which provision is made by the statute [28 U.S.C. § 636(b)(1)(C)], we do not believe [the court's acceptance of the Magistrate Judge's Report and Recommendation] requires any explanation." *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *see Wells v. Shriners Hosp.*, 109 F.3d 198, 200 (4th Cir. 1997) ("[t]he Supreme Court has authorized the waiver rule that we enforce. . . . '[A] court of appeals may adopt a rule conditioning appeal, when taken from a district court judgment that adopts a magistrate's recommendation, upon the filing of objections with the district court identifying those issues on which further review is desired.'") (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)).

### IV. ANALYSIS

Plaintiff's Objection (ECF No. 20) was not specific to the Magistrate Judge's Report, as she reiterates the same argument that she made in her initial brief regarding the little weight given

2

to the opinion of her treating physician, Dr. Teachman.[2] (ECF Nos. 10 at 8-9; 20 at 1-2.) Plaintiff did not specifically address any of the Report's finding, including the findings that she failed to demonstrate that the administrative law judge's ("ALJ") decision to give Dr. Teachman's opinion little weight was not based on substantial evidence.[3] (ECF No. 19 at 5-9.) Plaintiff simply re-alleged that the ALJ substituted her own medical expertise for that of Dr. Teachman, by not giving Dr. Teachman's opinion substantial weight. (ECF No. 20 at 2.) Without specific objections to any part of the Report, the court does not need to review the Report *de novo*, but must only ensure that no clear error has been made. *See* Fed. R. Civ. P. 72(b)(2)-(3); *James*, 2017 WL 4371548, at *1.

## V. CONCLUSION

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law. Therefore, the court **OVERRULES** Plaintiff's Objection (ECF No. 20) and **ACCEPTS** the Report (ECF No. 19) affirming the Commissioner's decision.

**IT IS SO ORDERED.**

---

[2] "Generally, we give more weight to medical opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." 20 C.F.R. § 404.1527(c)(2). However, ". . . if a [treating] physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996).

[3] "Under the Social Security Act, we must uphold the factual findings of the [Commissioner] if they are supported by substantial evidence and were reached through application of the correct legal standard." *Craig*, 76 F.3d at 589 (citing 42 U.S.C. §§ 405(g)).

3

_J. Michelle Childs_
United States District Judge

February 21, 2018
Columbia, South Carolina